LARGEY, APPELLANT, *v.* MANTLE, RESPONDENT.
OWSLEY, INTERVENOR AND APPELLANT.

(No. 1,063.)

(Submitted November 14, 1901.   Decided January 13, 1902.)

*Trial—Instructions—General Charge.*

Where requested instructions are sufficiently covered by the general charge, it is not error to refuse them.

*Appeal from District Court, Silver Bow County; J. J. Mc-Hatton, Judge.*

ACTION by P. A. Largey against Lee Mantle, defendant, and William Owsley, intervenor. From a judgment for defendant, and from orders denying a new trial, plaintiff and intervenor appeal. Affirmed.

*Mr. John W. Cotter,* for Intervenor and Appellant.

*Mr. F. T. McBride,* for Plaintiff and Appellant.

*Messrs. Roote & Clark,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the court.

This action was commenced by the plaintiff against the defendant to recover the sum of $15,000, alleged to have been received by defendant for the use and benefit of plaintiff, for that a certain mining claim, called "Britannia," and held in the name of the defendant, was the common property of the plaintiff and the defendant, and was sold by defendant for the sum of $30,000, the plaintiff having fully paid all charges and expenses owing by him for developing the claim, etc. By leave of court one Owsley intervened, and claimed for himself the

said sum of $15,000, for that he was the owner of the undivided one-half interest in the said Britannia lode claim. Defendant denied that either owned any interest in the property, or had any interest in the proceeds of the sale. The jury found all the issues in favor of the defendant, and judgment was entered accordingly. The plaintiff and the intervenor severally appealed from the judgment, and from an order denying their motions for a new trial.

The plaintiff argues his appeal upon the alleged error of the court in giving certain instructions and in refusing others. The intervenor does the like, adding that the court erred in overruling his objection to a certain question asked by defendant of a witness named Allport.

We find nothing prejudicial to either the plaintiff or the intervenor in these matters. The instructions given and complained of are not all very clear, but were such as could be easily understood when read in connection with the rest of the charge; and those refused, so far as they stated the law, were sufficiently covered by those given.

We find no substantial error to the prejudice of either the plaintiff or the interevenor.

The order denying the motion for a new trial and the judgment are affirmed.

*Affirmed.*