LINGQUIST, APPELLANT, *v.* SEIBOLD, ADMR., RESPONDENT.

(No. 4,412.)

(Submitted June 7, 1921. Decided June 27, 1921.)

[199 Pac. 709.]

*Appeal and Error—Briefs—Specifications—Waiver—Evidence —Exclusion—Harmless Error—Trial—Instructions.*

Appeal and Error—Briefs—Specifications of Error not Argued, Deemed Abandoned.
    1.   Specifications of error not argued in appellant's brief will be deemed abandoned.
Same—Overruling of Objections to Evasive or Immaterial Testimony not Reversible Error.
    2.   Where answers to questions objected to were evasive, immaterial and of no importance, overruling of the objections thereto did not constitute reversible error.
Same—Evidence—Answer Stricken from Record—Refusal to Exclude Question Harmless.
    3.   An answer stricken from the record was presumptively disregarded by the jury, and therefore refusal to exclude the question was harmless.
Trial—Issues—Instructions to Find for Plaintiff in Specified Amounts— When Refusal Proper.
    4.   Where a plaintiff's right to recover in any event was in issue under the pleadings and proof, offered instructions to find for him for specified amounts were properly refused.
Same—Offered Instructions—When Refusal Proper.
    5.   Refusal of an offered instruction substantially covered by instructions given was not error.

[62 Mont. 162.]

Same—Instructions—Extent of Duty of Court.

    6. No particular language is required of the court in instructing the jury on the law of the case, and no greater duty is imposed in that regard than that the jury be instructed as fully and fairly as the pleadings and evidence demand.

*Appeal from District Court, Lewis and Clark County; W. H. Poorman, Judge.*

ACTION by F. W. Lingquist against J. W. Seibold, administrator of John W. O'Neill, deceased. Verdict for defendant, and, from an order denying a new trial, plaintiff appeals. Affirmed.

*Mr. Henry C. Smith,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Odell W. McConnell,* for Respondent, submitted a brief.

MR. COMMISSIONER SPENCER prepared the opinion for the court.

For a first cause of action the plaintiff herein claims damages in the sum of $3,000, pursuant to the terms of a contract entered into between plaintiff and decedent on March 14, 1912, whereby the decedent agreed, among other things, to pay to the plaintiff one-half of the difference between the agreed selling price of decedent's land, or $12,000, and the amount of a mortgage against the land for $6,000 if the plaintiff should effectuate sale of decedent's land according to the terms of their contract. Plaintiff alleges that in accordance with the terms of said contract he procured a purchaser who was ready, able and willing to buy at the stipulated price per acre, but that the decedent, for the purpose of preventing the sale, knowingly and intentionally absented and secreted himself from his ranch, and by reason thereof the prospective purchaser was unable to consummate the deal.

A second cause of action is based upon a *quantum meruit* alleging $3,000 as a reasonable value of the services of plain-

tiff in behalf of decedent between March 10 and March 14, 1915, in procuring a purchaser for the lands of the decedent.

The answer puts in issue all of the material allegations of the complaint except the contract between plaintiff and decedent. Trial was had to a jury; verdict was in favor of defendant; motion for a new trial was denied; and this appeal is from the order denying the motion.

Appellant assigns nineteen specifications of error. In his [1] brief, however, those numbered 11 to 18, inclusive, are not argued, and are therefore deemed abandoned and only the first ten require consideration. Of these, the first four predicate error in permitting counsel for decedent to interrogate plaintiff and decedent with regard to certain transactions leading up to the execution of the contract of sale, but [2, 3] it is sufficient to say that in each instance the answer of the witness was evasive, immaterial and of no importance, or was given without objection, save and except the response of the decedent to the following interrogatory: "How did you happen to put your name to this contract?" which was stricken from the record by the court, and presumptively disregarded by the jury. We think these assignments are without merit.

Specifications numbered 5 to 9, inclusive, predicate error [4] on the refusal of the court to instruct the jury to find for the plaintiff, those numbered 6, 7, 8 and 9 each requiring finding in favor of plaintiff for a different amount. Each of these proposed instructions, if given, would have had the effect of a directed verdict for the plaintiff. Both the pleadings and the proof put in issue the right of the plaintiff to recover in any event, which question, being for the jury, precluded the court from directing a verdict, and hence the ruling of the court was correct in refusing to give the offered instructions.

Specification No. 10 assigns error in the refusal of the court to give the following instruction: "Under the terms of the con-

tract between the parties, it was incumbent upon Lingquist to find a purchaser for the ranch who was able, ready, and willing to buy it in accordance with the terms of the contract between Lingquist and O'Neill, and Lingquist had up to and including March 14, 1915, to find such purchaser. In addition to this it was incumbent upon Lingquist to notify O'Neill that he had found such purchaser, and give him an opportunity to carry out his part of the contract; but this notice need not necessarily be a personal notice. If you find that Lingquist procured such a purchaser as I have described, within the time as I have given it to you, that he went in good faith to O'Neill's residence and could not find him, and afterwards, and at any time on or before March 14, 1915, deposited in the postoffice at Helena, directed to O'Neill at East Helena, with postage duly paid, a written notice that he had found a purchaser and a written notice from Hanson that he was ready and willing to buy the ranch on the terms mentioned in the contract between Lingquist and O'Neill, then Lingquist did all he was called upon to do, and is entitled to a verdict at your hands."

This proposed instruction meets with our approval and we think is a fair statement of what was required of plaintiff to justify a verdict at the hands of the jury, but we think [5] the court covered substantially all of the matters therein by other instructions given and that no error can be predicated upon its refusal.

No particular language is required of the court in instruct- [6] ing the jury upon the law of the case, and no greater duty is imposed upon the court in that regard than that the jury be instructed as fully and fairly as the pleadings and evidence demand. (*Largey* v. *Mantle,* 26 Mont. 264, 67 Pac. 114.) We think that requirement was fulfilled in this case, and that no prejudice could be done to the decedent by the refusal of the court to instruct more in detail upon that which he had instructed fully and fairly but in more general terms.

For the reasons herein given, we recommend that the order of the court below in refusing to grant a new trial be affirmed.

MR. COMMISSIONER POORMAN, being disqualified, takes no part in the foregoing opinion.

PER CURIAM: For the reasons given in the foregoing opinion, it is ordered that the order of the court appealed from be affirmed.

*Affirmed.*